UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61393-CIV-MARRA/JOHNSON

THEETA BELL,

    Plaintiff,

vs.

UNITED AIR LINES, INC.,

    Defendant.
_____/

## ORDER AND OPINION GRANTING MOTION TO DISMISS FOR IMPROPER VENUE

THIS CAUSE is before the Court upon Defendant United Air Lines' Motion to Dismiss for Improper Venue Under Rule 12(b)(3) [DE 9].  No response to the motion has been filed, no request for an extension in that regard has been made, and the time frame for filing a response has expired.  The Court notes that on November 14, 2011, the instant motion was returned to the Court, the post office indicating that it was unable to forward it, and that an updated address for Theetta Bell could not be located.  *See* DE 10.  Since Ms. Bell, proceeding pro se, has not responded to the motion and has moved without informing the Court of her new address, the motion could be granted by default.  Still, the Court finds the motion should be granted on the merits.

**Standard of Review**

When venue is challenged under Fed. R. Civ. P. 12(b)(3), the plaintiff bears the burden of proving that venue is proper.  *Delong Equipment Co. v. Washington Mills*

*Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988); *Wai v. Rainbow Holdings,* 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). "The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits." *Wai*, 315 F. Supp. 2d at 1268. When an allegation of the complaint is challenged, the court may examine facts outside of the complaint to determine whether venue is proper. *Id*. In examining the record, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Id*.

**Undisputed Venue Facts**

Ms. Bell ("Bell") was employed as a Reservations Sales and Service Representative ("RSSR") at United's Washington Dulles International Airport Reservations Center in Virginia until March 2005, when she began an extended illness leave of absence. Compl. ¶ C(1); Declaration of Mary Joyce, ¶ 3, DE 9, Ex. A ("Joyce Decl."). Throughout her active employment with United, Bell was always assigned to the Washington Dulles International Airport Operations Center. Joyce Decl. ¶ 3. Bell was notified of her placement on extended illness leave by a letter from Dineen Hoagland, a Personnel Administrative Supervisor in the Dulles Reservations Center. Joyce Decl. ¶ 4. Thereafter, Bell was notified of the closure of the Dulles Reservations Center in a letter sent to her in October 2006 by Chris Morrison, a Personnel Administrative Supervisor in the Dulles Reservations Center. Joyce Decl. ¶¶ 5-6.

After Bell learned of the impending closure of the Dulles Reservations Center, her attorney inquired about her rights to severance benefits or retirement in late 2006 and early 2007. Stephanie Pulcanio, one of United's Elk Grove Village, Illinois based in-house attorneys, responded to Bell's attorney, explaining that Bell was not eligible for either severance or retirement at that time. Joyce Decl. ¶ 7. This same point was made to Bell personally in a September 2007 letter from Eve Haddad, a Personnel Administrative Supervisor in the Midwest Regional Reservations Center in Chicago, Illinois. Specifically, Ms. Haddad's letter advised Bell that she was ineligible for disability retirement and retiree travel benefits. Joyce Decl. ¶ 8.

Under the terms of the collective bargaining agreement governing the employment of RSSRs at United, including Bell, an RSSR can remain on extended illness leave for only three years, after which her employment is severed if she is unable to return to work. Bell's leave expired in March 2008, at which point she was unable to return to work. Accordingly, her employment was terminated at that time. Joyce Decl. ¶ 9. Bell was notified of her March 2008 termination in a letter sent by Ms. Haddad and Dawn Galea, another Personnel Administrative Supervisor in the Midwest Regional Reservations Center. Joyce Decl. ¶ 10. None of the records relevant to Bell's lawsuit are maintained in Florida. In fact, United has no reservations operations, no reservations offices, and no reservations employees in Florida. Rather the employment records relevant to Bell's employment, her benefits, and her lawsuit are all maintained and administered in Illinois. Joyce Decl. ¶ 11.

**Venue Analysis**

Bell's suit for employment discrimination is brought solely under the American with Disabilities Act, as amended, which borrows its jurisdiction and venue provisions from Title VII of the Civil Rights Act of 1964.  Compl. ¶ A.  Based on the Bell's Complaint and the undisputed facts, Bell has not met her burden of proving that venue is proper here.  Title VII's special venue provision provides, in relevant part:

> an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C.A. § 2000e-5(f)(3).  Bell has not established venue under any of these four options.  *See, e.g., Stacy v. Hilton Head Seafood Co.*, 688 F.Supp. 599, 604 n.2(S.D. Ga. 1988) (finding lack of venue in a Title VII case where, as here, plaintiff could not establish any basis for venue under 42 U.S.C.A. § 2000e-5(f)(3)); *Kravec v. Chicago Pneumatic Tool Co.*, 579 F.Supp. 619, 624 (N.D. Ga. 1983) (same).

First, it is undisputed that Bell worked in Virginia during her entire employment tenure with United.  Second, as established by the declaration of Mary Joyce, the "employment records relevant to [the alleged unlawful] practice are maintained and administered" in Illinois, not Florida.  Joyce Decl. ¶ 11.  Third, because United has no reservations employees or reservations operations in Florida,

Bell has not and cannot allege that she would have worked in this judicial district. Finally, United has its principal office in Illinois.

Since Bell cannot establish venue in Florida under Title VII's venue provision, which has been incorporated into the ADA, the Complaint must be dismissed for improper venue.  The Court has authority to either dismiss this case or to transfer the lawsuit to a district in which it could have been brought.  *See* 28 U.S.C. § 1406(a). Noting that Plaintiff appears to have abandoned her cause, the Court will dismiss the case without prejudice.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant United Air Lines' Motion to Dismiss for Improper Venue Under Rule 12(b)(3) [DE 9] is GRANTED.  This case is closed.  Any pending motions are denied as moot.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of November, 2011.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record
Theetta Bell, *pro se*